IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNETH BROWN, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Kenneth Brown ("Plaintiff" or "Mr. Brown"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 28 U.S.C. § 1367.

3.

Defendant Costco Wholesale Corporation ("Defendant") does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.  Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant is a foreign corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its corporate Registered Agent, CT Corporation System, located at 289 S Culver Street, Lawrenceville, GA 30046.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

## ADMINISTRATIVE PROCEDURES

### 10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 18, 2018.

### 11.

On May 21, 2020, the EEOC issued its determination, finding that there was reasonable cause to conclude that Mr. Brown was discriminated against because of his disability and/or was discharged in retaliation for engaging in a protected activity, in violation of the ADA.

### 12.

Conciliation failed, and the EEOC issued a "Notice of Right to Sue" on September 8, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

### 13.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

14.

Mr. Brown began working for Defendant on or about April 5, 2018, in the Food Court.

15.

Mr. Brown has a disability and/or perceived disability

16.

Specifically, Mr. Brown suffers from ongoing pain in his neck and back as a result of multiple diagnoses, including degenerative disc disease, cervicalgia, lumbar radiculopathy, and lumbar spondylosis.

17.

Mr. Brown notified the Food Court Manager and his supervisor, Michael Marcano, of his disability not long after he began.

18.

Mr. Brown also let Mr. Marcano know that he would need time off due to an upcoming medical procedure on his back.

19.

On April 25, 2018, Mr. Brown was given a performance review.

20.

In the review, Defendant noted that Mr. Brown needed to "show a better sense of urgency when it comes to expediting and cleaning."

21.

On numerous occasions, Mr. Brown told Mr. Marcano that if his back trouble was an issue, that he was willing to move to a different department.

22.

On April 26, 2018, Mr. Brown obtained a letter from his medical provider noting that he was on a 20 pound weight lifting restriction and limited to working six hours per day.

23.

When Mr. Brown provided the note to Defendant, he was asked to get another note clarifying the restrictions.

24.

On April 27, 2018, Mr. Brown requested a second note from his doctor.

25.

The second doctor's note stated, "Beginning 4/27/18 until 5/11/18 patient will be placed on 20 lb. lifting restriction. Patient is able to work up to 6 hours per day and is able to continue regular job duties."

26.

Mr. Brown continued to ask for a transfer to a different department, but his requests went ignored.

27.

Mr. Brown complained to Joshua Sternberg, Assistant Manager, about retaliation by Mr. Marcano.

28.

Mr. Brown explained to Mr. Sternberg his ongoing back issues and his upcoming medical procedure.

29.

Mr. Brown told Mr. Sternberg that he had asked Mr. Marcano for a transfer to a different department, and also asked Mr. Sternberg to transfer him out of the Food Court.

30.

Mr. Sternberg promised to talk to Mr. Marcano, but nothing changed.

31.

On June 5, 2018, Mr. Brown received six lumbar facet joint steroidal injections along his spine.

32.

Mr. Brown was scheduled to return to work on June 7, 2018, but due to pain that he was still experiencing as a result of the procedure, had to call out.

33.

Mr. Brown obtained a note from his doctor clearing him to return to work on June 8, 2018.

34.

Mr. Brown's next scheduled day was June 9, 2018.

35.

Mr. Brown worked nearly seven hours on June 9, 2018, before being terminated.

36.

Mr. Brown was told that "it just wasn't working out."

37.

Mr. Brown requested a reasonable accommodation of his disabilities.

38.

Specifically, Mr. Brown requested to be transferred to a different department where his back issues would not be an issue.

39.

Defendant failed to engage in the interactive process with Mr. Brown, even though doing so would not have been an undue hardship.

40.

Instead, Defendant ignored Plaintiff's requests and then terminated his employment following his medical leave.

41.

Defendant terminated Plaintiff because he had a record of a disability and/or because it regarded him as disabled and/or because he engaged in protective activity.

**CLAIMS FOR RELIEF**

**COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

42.

Plaintiff re-alleges paragraphs 14-41 as if set forth fully herein.

43.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

44.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

45.

Defendant was aware of Plaintiff's disability.

46.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

47.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

48.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

49.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

50.

Defendant terminated Plaintiff's employment because of his accommodation requests.

51.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

52.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

53.

Defendant treated other employees outside Plaintiff's protected class differently.

54.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

55.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

56.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

57.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

58.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

59.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

60.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

61.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

62.

Plaintiff re-alleges paragraphs 14-41 as if set forth fully herein.

63.

Plaintiff has a physical impaiment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

64.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

65.

Defendant was aware of Plaintiff's disability.

66.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

67.

Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

68.

Plaintiff requested that Defendant accommodate his disability by transferring him to another position and/or department.

69.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding his request for a reasonable accommodation of his disability.

70.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

71.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

72.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

73.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his disability.

74.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

75.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

76.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

77.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

78.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF
## THE ADA, AS AMENDED

79.

Plaintiff re-alleges paragraphs 14-41 as if set forth fully herein.

80.

Plaintiff has a physical impaiment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

81.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

82.

Defendant was aware of Plaintiff's disability.

83.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

84.

Defendant terminated Plaintiff for requesting an accommodation for his disability and/or perceived disability.

85.

Plaintiff's request for an accommodation of his disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

86.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his request for an accommodation.

87.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

88.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

89.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

90.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

91.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

92.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

93.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

94.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**WHEREFORE**, Plaintiff judgment as follows:

(a)        General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)        Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)        Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)        Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)        All other relief to which he may be entitled.

Respectfully submitted the 24th day of November, 2020.

**BARRETT & FARAHANY**

 s/ *Adian R. Miller*
Adian R. Miller
Georgia Bar No. 794647

*Attorney for Kenneth Brown*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com